49 CCPA

## Application of Warren C. CONOVER.
### Patent Appeal No. 6743.

United States Court of Customs
and Patent Appeals.

July 18, 1962.

disclosed as applied to a connecting rod bearing. The bearing itself is of the roller bearing type in which a plurality of roller members are interposed in the bearing construction with the axes of the rollers generally parallel to the axis of the bearing. An affidavit of the inventor, Warren C. Conover, chief engineer of the Outboard Marine Corporation, states that engineers in this company have worked for many years to "achieve a reliable connecting rod roller bearing of reasonably small diameter and which will stand up under the high power continuous load requirements of an outboard motor engine." The Conover affidavit also points out that prior to the invention disclosed in the present application, "such bearings had not been reliable because they were destroyed at unpredictable times by heating of the roller elements, sometimes within a few minutes of running time."

The affidavit of Finn T. Irgens, Vice President in charge of Engineering of Outboard Marine Corporation, states that "For at least fifteen years to my knowledge, attempts have been made to solve the problem of providing the connecting rod of an outboard motor engine with a compact anti-friction roller bearing capable of withstanding heavy loading." The Irgens affidavit also points out that this problem was especially acute in the outboard motor industry because of the necessity for keeping the weight and size of the motor to an absolute minimum and because of the great stress produced by the high speeds and continuous load operation of engines used in this field.

Wheeler, Wheeler & Wheeler, and S. L. Wheeler, Milwaukee, Wis., for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Associate Judge JOSEPH R. JACKSON, Retired.

SMITH, Judge.

The Board of Appeals, with one member concurring and dissenting with an opinion, reversed the rejection of claims 4, 5, 6 and 7 and affirmed the rejection of claims 1, 2 and 3 of appellant's application for patent Serial No. 415,889, filed March 12, 1954, entitled "Bearing and Method of Construction Thereof". The claims on appeal and allowed claim 4 are method claims. The other allowed claims are directed to a bearing construction.

The invention disclosed in the application relates to a roller bearing and a method of construction thereof. It is

The invention here in issue is based upon the discovery by the inventor that the true cause of the destruction of such bearings is the heating of the rollers by the heat produced at the end face of the bearing because of "galling" which occurs at the area of contact between the end faces of the connecting rod bearing and the crank cheek. To overcome this "galling", appellant discloses in the present application a bearing construction in which the end faces of the connecting rod

bearing are provided with surface deposits of a non-galling metal, such as silver. The application points out that an extremely thin plating, barely sufficient to cover the surface of the end faces, will overcome the problem of bearing failure due to the heat generated by the galling of the contacting metal surfaces. While there is no apparent critical limit as to the amount of the connecting rod which may be plated, the purpose of the present invention appears to be served by the plating which covers the end faces of the bearing so that the plated metal, rather than the metal of the connecting rod, is in bearing contact with the crank cheeks during actual operation. The specification points out:

"The plating of either one of the two surfaces in contact at each end of the bearing (either the crank cheek or the complementary surfaces of the connecting rod), eliminates the heating and enables the oil film to remain effective and allows the rollers to function under high load without damage, with the result that bearing destruction heretofore noted is substantially competely eliminated."

Claim 1 on appeal reads as follows:

"1. A method of constructing a roller bearing of the type employing an annular series of roller bearing elements between concentric cylindrical bearing surfaces on members which have end faces in bearing contact, such method being adapted to prevent roller skewing and including the plating of one of such end faces with a metal having non-galling characteristics when it bears upon the other of said faces."

Claims 2 and 3 are dependent upon claim 1. Claim 2 adds to claim 1 the recitation that the faces referred to are disposed, respectively, on a crank shaft and a connecting rod. The limitation that the non-galling metal is silver is added to claim 1 by claim 3.

The references relied upon are:

| | | |
|---|---|---|
| Snyder | 1,355,706 | Oct. 12, 1920 |
| Rummins | 1,649,258 | Nov. 15, 1927 |
| Gilman | 2,124,060 | July 19, 1938 |
| Ryder | 2,187,755 | Jan. 23, 1940 |
| Schluchter et al. | 2,266,276 | Dec. 16, 1941 |
| Machlett | 2,354,763 | Aug. 1, 1944 |
| Etchells | 2,403,645 | July 9, 1946 |
| Virtue | 2,624,645 | Jan. 6, 1953 |
| Pullin (Australia) | 623/26 | Feb. 18, 1926 |
| Silver-Surfacing (pages 61–63 and 100 of the Steel Magazine). | | July 25, 1949 |

Two of the three members of the Board of Appeals held that claims 1, 2 and 3 were drawn to an obvious process based apparently on their view that the only procedural step recited in these claims is the step of plating a part referred to therein. In urging that the analysis of the majority of the board was correct, the solicitor in his brief states:

"It is further suggested that the majority of the Board was correct in holding that the procedure of plating a part in constructing an article is so notoriously old, that it would be obvious to a person of ordinary skill in the art to plate a part as defined in claims 1, 2 and 3."

The dissenting member of the board pointed out:

"The majority construed the rejection to be on prior art, and construed claims 1–3 as to subject mat-

ter to be for the bare step of plating, and took judicial notice that plating was old."

At the outset of our consideration, it is necessary to determine the nature of the invention for which applicant seeks to secure a patent. We think the situation here is closely analogous to the situation which was before the Supreme Court in Eibel Process Company v. Minnesota & Ontario Paper Company, 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523. Here, as there, an essential part of the invention was the understanding of the problem which persisted in the art. In the Eibel case, it was the discovery that the unequal speeds of stock and wire produced the defective paper product under high machine speed because of the disturbance and ripples some 10 feet from the discharge. Here, it is the discovery that the roller bearings were being destroyed by heat generated by galling of the bearing surfaces. Here, as in the Eibel case, the invention was not the mere use of a known technique to remedy a known source of trouble, but was, as stated by Chief Justice Taft, "the discovery of the source not before known and the application of the remedy" for which applicant here seeks to be rewarded by the grant of a patent.

In discussing the patented contribution in the Eibel case, the Supreme Court said:

"We can not agree with the Circuit Court of Appeals that the causal connection between the unequal speeds of the stock and the wire, and the disturbance and rippling of the stock, and between the latter and the defective quality of the paper in high speeds of the machine was so obvious that perception of it did not involve discovery which will support a patent. The fact that in a decade of an eager quest for higher speeds this important chain of circumstances had escaped observation, the fact that no one had applied a remedy for the consequent trouble until Eibel, and the final fact that when he made known his discovery, all

adopted his remedy, leave no doubt in our minds that what he saw and did was not obvious and did involve discovery and invention."

The affidavits of Conover and Irgens seem to us to clearly establish that appellant's solution to the problem was not "obvious." Apparently, despite efforts made to produce such a bearing, no one prior to Conover had perceived that the failure of the bearings was due to the heating of the rollers because of the galling between the end surface of the connecting rod bearing and the cheek of the crank shaft. As pointed out in the Conover affidavit:

"Although no failure occurred at that point, it was found in the course of experimentation based on this theory that if one of these surfaces was plated with a non-galling metal, the excessive heating and consequent deformation of the bearing rollers ceased."

The Conover affidavit establishes that the normal skewing of the rollers within the roller bearing produces a component of reaction which urges the connecting rod face axially against the crank cheek with sufficient pressure so that galling of its end face results.

The Irgens affidavit states:

"The inventor [Conover] in the above entitled application discovered that the true cause of the destruction of the bearing is the effect on the roller of heat which is produced at the end face of the bearing as a result of the galling of the steel connecting rod with the steel crank cheek. So far as I know, this is a completely novel concept. The plating is not even applied to bearing surfaces engaged by the rollers; yet it prevents roller failures. *The pressure at the end face of the bearing probably results from some slight skewing such as is inherent in bearing rollers*, whether caged or not, but would not, and does not, affect successful use of such rollers ordinarily. The skewing is only in-

directly the motivating cause, and it was not obvious that end thrust had anything to do with bearing failure, nor that plating the *end face of the connecting rod race* would so reduce the development of heat as to have any effect on the successful use of rollers in such bearings. [Emphasis added.]"

Thus, the record here clearly establishes the discovery by appellant of the source of the trouble, viz., face galling, not before known, and his solution of the problem of bearing failures by plating with a non-galling metal one or both of the faces otherwise subject to galling.

The issue here is essentially a rejection of the three claims on appeal for "obviousness" of the invention under 35 U.S.C. § 103. We are satisfied from the record that it was *unobvious to discover the cause* of the bearing failures. The rationale of the Eibel case requires that we consider the unobvious cause of the problem solved, as well as the solution proposed, in arriving at a final determination of whether the invention claimed is "obvious" within the meaning of section 103.

The differences here between the subject matter sought to be patented and the prior art are such that "the subject matter as a whole," i. e., (a) *the discovery of the cause of the bearing failures* and (b) its *elimination* by the claimed *plating* of one or the other or both of the contacting areas of the face portions of the connecting rods and the crank cheeks, were not obvious from the prior art at the time the invention was made to a person having ordinary skill in this art. The prior art does not disclose any suggestion that the excess heat generated by friction between the galled faces of the contacting parts of the connecting rod hub and the crank cheek caused failure of the roller bearings. The selective *plating of one or the other or both of these contacting surfaces* with a non-galling metal likewise is not taught by the prior art. It is this *composite contribution* by appellant which comprises the subject matter sought to be patented

and which, "as a whole" includes both the resultant bearing per se, on which claims have been allowed, and the method of constructing the bearing as defined by the claims on appeal.

We do not find it necessary to discuss the voluminous prior art in detail in view of the concessions made by appellant in the brief filed on his behalf and with which we agree as follows:

"There is no question that the art discloses the use of silver as a non-galling bearing metal. Neither is there any question that certain types of connecting rod bearings have had thrust bearing materials applied to the end faces of the connecting rod hub. However, *this has never been done in a roller bearing nor has it been deemed necessary in a roller bearing because the rollers themselves have heretofore been supposed to be adequate* and there has not been the slightest suggestion that excessive heating, skewing, and destruction of the rollers could be attributed to the galling or seizing of surfaces not even contacted by the rollers—namely, the end surfaces of the connecting rod hub where it bears on the crank cheeks. Moreover, the rejected claims do not call merely for the use of non-galling metal but specify the application of such metal (1) at a specific point (2) by plating." [Emphasis added.]

For the foregoing reasons, it is our conclusion that the invention for which a patent is here sought is one of those inventions where it is doubtful whether the invention resides in the process or the structure and which may be claimed with equal facility in terms either of method or structure. Since both types of claims are recognized by the statute, and no question of double patenting can arise on the record here, it is our opinion that both types of claims may properly be allowed to issue in a single patent where, as here, they are but alternative expressions for defining a

single invention. We therefore *reverse* the decision of the Board of Appeals.

Reversed.

MARTIN, J., sat but did not participate in the decision.