53 CCPA

**Application of Arthur L. LUDWIG, Jr.**
**Patent Appeal No. 7470.**

United States Court of Customs and Patent Appeals.
Dec. 2, 1965.

Emanuel Herbert Liss, Buffalo, N. Y., for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

MARTIN, Judge.

This is an appeal from a decision of the Board of Appeals affirming the rejection of claims 8–10 [1] of appellant's application as obvious variations of certain prior art.

Appellant's invention relates to an improved twist-resistant automobile windshield wiper arm. By way of background as to the problem faced, the application states:

> The current use of larger windshields and longer wiping blades has necessitated the use of longer wiper arms, which, if of the conventional construction of shorter arms and if made of the same gauge of material, have a lower resistance to twisting because of their greater length. Furthermore, the longer lengths of wiper blades in contact with the larger windshields produce a greater frictional force which, in turn, produces a greater twisting force on the wiper arms. The combination of the greater twisting force plus the decreased torsional rigidity of lengthened conventional arm structures may result in excessive twisting of the wiper arms with attendant decreased wiping efficiency, and, under certain conditions, may even result in excessive laying-over of the wiper blades in operation. While the torsional rigidity of the longer type of wiper arm can conceivably be increased by the use of heavier gauge material, this would result in a heavier arm which would possess undesirable inertia in operation, which in turn might result in excessive wear of the various wiper linkages, especially when the wipers are operated at the higher speeds required to efficiently clear the larger expanses which they must traverse on larger windshields. * * *

Within the usual wiper arm combination of mounting head, arm portion, wiper blade mounting means, and internal bias spring between the mounting head and arm portion, appellant provides a tapered tubular arm member of square cross-section. The tubular arm member is fabricated from a single sheet of metal and has an upstanding flange seam the length of the arm. The seam is secured by:

> * * * a seam weld extending substantially throughout the entire length thereof. The use of a tubular member provides the increased torsion resistance which is desired in arms of greater length. * * *

Exemplary claim 8 reads:

> 8. A relatively lightweight highly twist resistant motor operated wiper arm construction comprising a mounting head portion, a unitary elongated tapered tubular member of relatively lightweight material having a relatively large end and a relatively small end, means for pivotally mounting said relatively large end of said tapered tubular member on said mounting head, wiper blade mounting means of heavy material relative to said tubular member secured to said relatively small end of said tapered tubular member, spring means operatively connected between said elongated tapered tubular member and said mounting head for biasing said elongated tapered tubular member toward an associated windshield, said elongated tapered tubular member being fabricated from a single piece of relatively lightweight metallic sheet material and having weld means effectively joining opposite edges of said metallic sheet material to thereby prevent relative movement between said opposite edges and thereby enhance the torsional resistance of said tapered tubular member whereby relatively lightweight material may be utilized to fabricate a highly twist resistant wiper arm.

---

1. These are all the claims remaining in appellant's application serial No. 48,975, filed August 11, 1960 and entitled "Wiper Arm."

Dependent claim 9 further defines the "weld means" of claim 8 to comprise a continuous seam weld. Claim 10, dependent from claim 9, defines the biasing "spring means" of claim 8 as comprising a helical spring attached between the mounting head and a pin extending between the walls of the elongated tapered tubular arm member. Since the bias spring is a "conventional arm pressure spring," and the seam weld is made by "an edge-flange type of welding process which is normally performed in an inert gas atmosphere, as is well understood," it is clear that no separate issue is presented by the spring and seam weld recitations, and thus we may treat the claims as standing or falling together.

The references relied on for the rejection under 35 U.S.C. § 103 are:

| Quarnstrom | 1,863,873 | June 21, 1932 |
| Wallis | 2,838,782 | June 17, 1958 |
| Oishei | 3,042,955 | July 10, 1962 |
| | | filed Mar. 11, 1959 |
| Fabbrica (French) | 1,012,968 | Apr. 23, 1952 |

———————◆———————

The Fabbrica reference shows a square tubular tapered arm member in a windshield wiper combination. A longitudinal flange seam is shown extending substantially the length of the arm in one of the figures, but there is no description of that seam as being welded. Quarnstrom is directed to a method of making a tube from a strip of sheet metal stock, in which the longitudinal seam may be secured by welding. Such tube is described as a "torque member," and may be used as "a cross support for the frame of the vehicle, or for horizontal or vertical supports for headlights or other devices * * *," since it possesses "strength to take torque and twisting strains that are required * * *." Wallis is cited in connection with the rejection of claim 10 since it shows a helical bias spring connecting a mounting head to the arm member of a windshield wiper. Oishei is also relied on as cumulatively teaching such features as the spring and mounting head. Also, Oishei shows a two-piece, square, tubular, tapered windshield wiper arm member.

Both the board and we agree with the position of the examiner that:

* * * Quarnstrom teaches * * that it is old to weld the adjoining edge of a tubular member. * * * Thus, it would be obvious to a person ordinarily skilled in the art to seam weld the tubular arm * * * of Fabbrica. Moreover, it would appear to be an obvious mechanical expedient to weld the adjoining edges of Fabbrica if the arm tended to twist. * * *

* * * * * *

* * * The mere addition of other elements such as the details of the mounting head, the spring and wiper blade mounting means are features which are old in the art. * * *

The single issue then, is whether it would be obvious to provide a seam weld for the tubular wiper arm of Fabbrica to solve the above described problem.

Appellant contends that patentability of his invention resides, *inter alia,* in the fact that he discovered not only the problem but also the solution to that problem. More specifically, appellant states that he recognized the use of heavier arms to correct distortion would possibly create inertia and wear problems, and that he discovered the solution to both the twisting and inertia problems by welding the seam of lighter metal tubular arms.

We think the solicitor in his brief adequately answered that contention, in stating:

Based on the proposition that the unobvious aspect of an invention

may reside as well in the discovery of the source of trouble as in the application of the remedy (In re Conover, 304 F.2d 680, 49 CCPA 1205) appellant says * * * that he "recognized that the trend toward heavier arms created new problems" and that this is an "essential contribution" * * *. However, the act of perceiving that heavier arms caused problems not encountered with light weight arms formerly used was not the discovery of the source of the trouble. The trouble was the twisting distortion of the lighter weight arms when they were lengthened to accommodate larger windshields * * *. That trouble needed no "discovery," only simple observation of the fact that the arms twisted when in operation. * * * Appellant's discovery, if he discovered anything, was the solution to the problem (seam welding the arm), not the problem itself.

The Quarnstrom patent would suggest to one skilled in this art that welding the seam of a tubular arm, as in Fabbrica, would provide tortional rigidity. Even without the teaching of Quarnstrom, it would be manifest to one skilled in the art to weld the seam to increase torsional rigidity.

The board by way of answer to appellant's argument that the Quarnstrom patent is from a non-analogous art, stated:

* * * While it is true, as pointed out by the appellant, that the claims of Quarnstrom are directed to a specific method of making a seam welded tube and that none of the intended uses of the tube given in the Quarnstrom specification relate to windshield wipers, nevertheless, in our opinion, the description * * * of that patent of a tubular torque member "which should possess strength to take torque and twisting strains that are required of it," * * * and has a seam "so constructed as to not give way when the tube is subjected to a torque or other twisting strains," * * *

provides a clear teaching of the desirability of welding the seam of hollow torque members to increase their strength against torque and twisting strains.

We think appellant misconceives the way in which the Quarnstrom reference was used in the rejection. Quarnstrom is relied on as an exemplary *teaching* that it is a common mechanical expedient to weld the adjoining edges of a tubular member particularly where the usage involves torque and twisting strains. No structure is bodily imported into that of Fabbrica, and we note that Quarnstrom's tubings are used in automobiles.

We have considered appellant's remaining arguments but are not persuaded of any error in the board's decision. The decision of the board is affirmed.

Affirmed.